UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OK HEE PARK, JIM J. PARK, individually and SUSAN SONG, as Personal Representative of THE ESTATE OF JOO BAEK PARK, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CARSON MINERAL HOT SPRINGS LLC, a Washington Corporation, GEOFF LEE, General Manager and Registered Agent, SHIN MYUNG MANUFACTURE DEVELOPMENT, Ltd., a Privately Held Corporation Organized in Korea, GAP DO PARK, and UNKNOWN JOHN DOES, Jointly,<br><br>Defendant. | Case No. C09-5433RJB<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the court on Plaintiffs' Motion for Partial Summary Judgment Regarding Liability (Dkt. 61), Defendant Geoff Lee's Motion for Summary Judgment (Dkt. 63), and Defendant Carson Mineral Hot Springs LLC's Motion for Summary Judgment (Dkt. 66). The court

ORDER
Page - 1

has considered the pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL HISTORY

On July 16, 2009, Plaintiffs filed a complaint for wrongful death.  Dkt. 1.  In the original complaint, plaintiffs Susan Song as personal representative of the Estate of Joo Baek Park, and Ok Hee Park and Jim L. Park individually, allege that defendants Carson Mineral Hot Springs LLC, Geoff Lee, registered agent, and unknown John Does were negligent in failing to exercise due care for the decedent, failing to adequately warn or inform the decedent of the dangers associated in bathing in mineral water, failing to frequently and adequately monitor the bathhouse, and failing to render prompt and competent aid to the decedent.  *Id.*  Plaintiffs allege that defendants' negligence caused the decedent's death and that the Plaintiffs suffered damages as a result of defendants' negligence.  *Id.*

On August 23, 2009, the summons and complaint were served on Carson Mineral Hot Springs LLC by serving Geoff Lee, registered agent of the LLC.  Dkt. 5, at 2.  On August 26, 2010, the court issued an order, denying Geoff Lee's Motion to Dismiss.  Dkt. 32.  In that order, the court concluded that service on Mr. Lee, as registered agent of Carson Mineral Hot Springs, did not constitute personal service on Mr. Lee.  Dkt. 32, at 5.  In the August 26, 2010 order, the court extended the time for service on Mr. Lee for thirty days from the date of the order.  Dkt. 32, at 7.

On September 14, 2010, plaintiffs filed a declaration of service, stating that a copy of the summons and complaint was left with Mr. Lee's wife on September 4, 2010.  Dkt. 34.  The copy of the summons served on Mr. Lee's wife did not specify to whom the summons was directed.  Dkt. 64, at 6.  On September 23, 2010, Mr. Lee filed an answer, alleging, among other defenses, insufficient process, insufficient service of process, and lack of personal jurisdiction.  Dkt. 35.  These issues are discussed below.

On November 3, 2010, the court granted plaintiffs' motion to file an amended complaint.

Dkt. 56. The proposed amended complaint was attached to plaintiffs' motion to file the amended complaint. Dkt. 38-1. The proposed amended complaint added Shin Myung Manufacture Development, Ltd, a Privately Held Corporation Organized in Korea, and Jong Hyuk Park as defendants; and identified Geoff Lee as General Manager and Registered Agent. Dkt. 38-1. Instead of filing that proposed amended complaint, on November 5, 2010, plaintiffs filed a different amended complaint, adding Gap Do Park as a defendant and more allegations. Dkt. 57.

On December 6, 2010, the court granted defendants' motion to strike the amended complaint that had been filed on November 5, 2010, and directed the Clerk to file Dkt. 38-1 as the amended complaint in this matter. See Dkt.78. The amended complaint was filed December 6, 2010. Dkt. 79.

Accordingly, the defendants in this case, as of the date of this order, are the following: Carson Mineral Hot Springs LLC, a Washington Corporation; Geoff Lee, General Manager and Registered Agent; Shin Myung Manufacture Development, Ltd., a Privately Held Corporation Organized in Korea; Jong Hyuk Park; and Unknown John Does. Plaintiffs have not filed a certificate of service showing that Shin Myung Manufacture Development, Ltd. And Jong Hyuk Park have been served.

## UNCONTESTED FACTS

In 1995, Carson Mineral Hot Springs LLC purchased property in Carson, Washington, on which there were natural hot springs. The property had been used as a hotel and bathhouse since the early twentieth century. The bathhouse draws on a sulfur mineral hot spring to fill cast iron bath tubs. Customers come to the bathhouse to soak in the individual bath tubs for 25-30 minutes, followed by a warm body wrap and a shower.

Defendant Geoff Lee is Carson Mineral Hot Springs LLC's registered agent and has been serving as its general manager since 2007. According to Mr. Lee, Shin Myung Manufacture Development, Ltd. is the "major investor" in Carson Mineral Hot Springs LLC. Dkt. 62, at 57. Plaintiffs also maintain that Jong Hyuk Park is the owner of Carson Mineral Hot Springs LLC and of

Shin Myung Manufacture Development, Ltd. Dkt. 38, at 3.

On October 22, 2007, decedent Joo Baek Park his wife, Ok Hee Park, and his son, Jim J. Park, went to Carson Mineral Hot Springs to take mineral baths. Mr. Joo Baek Park was 80 years old. He suffered from asthma and hypertension. Mr. Joo Baek Park and his soon took mineral baths in the men's bathhouse, while Mrs. Park took her mineral bath in the women's bathhouse. Sometime after the Parks began their baths, Jim Park noticed that his father was unresponsive. Paramedics were summoned. One of Carson Mineral Hot Springs' employees performed CPR and Jim Park assisted. The paramedics arrived within ten minutes of being called. Mr. Park was pronounced dead at the scene.

The medical examiner's autopsy report findings were as follows: (1) heat effect of skin; (2) atherosclerosis; (3) cerebral lacunae; (4) benign prostatic hypertrophy; and (5) osteoarthritis. Dkt. 67-3, at 66. The cause of death was "cardiac dysrhythmia associated with hot tub bathing." Dkt. 67-3, at 66.

## CONTESTED FACTS

The record contains too many contested facts to list. The following contested facts have been gleaned from a review of the voluminous record, but are by no means the only contested facts:

- the temperature of the water in the tub at the time of the incident (136, degrees, 126 degrees, 125 degrees, 104 degrees, 96-98 degrees)
- the length of time Mr. Joo Baek Park was in the tub
- what and how warnings were given about the temperature of the water and the health risks associated with bathing in the water, and whether those warnings were adequate
- whether the premises was required to obtain an operating permit and comply with the statutory requirements for water recreation facilities, pursuant to RCW 70.90, and whether the premises did comply with those requirements

- the degree of control and involvement of Jong Hyuk Park in the operation of the premises
- whether defendants were aware of other incidents related to the heat in the tubs that occurred at the baths before the incident with Mr. Joo Baek Park
- the standards that apply for restricting use of the baths and for controlling temperature of water in a bath tub such as the one at issue
- whether Mr. Joo Baek Park's death was caused by excessive heat and excessive length of soaking in the tub
- whether soaking in the tub for the length of time Mr. Joo Baek Park did, at the temperature of the water in the tub, was an unusually hazardous condition or constituted an unreasonable risk–and who was responsible for that risk
- whether Mr. Joo Baek Park should have known of the risks of bathing in the hot tub for the length of time he did, given his health condition and experience with similar hot tub or sauna-type devices, and whether he assumed the risks associated with such bathing
- whether Mr. Joo Baek Park was at least partially at fault for his own adverse response to the bath

## MOTIONS FOR SUMMARY JUDGMENT

On November 16, 2010, plaintiffs filed a motion for partial summary judgment regarding liability, contending that (1) Mr. Joo Baek Park's death was proximately caused by the negligent conduct of defendants; (2) no evidence supports the defenses of comparative fault and implied assumption of risk where there is a failure to warn of conditions, and there is no evidence showing that Mr. Joo Baek Park had full subjective understanding of the presence and nature of the specific risk; (3) no evidence supports the defense that Mr. Joo Baek Parks' prior medical history of asthma

ORDER
Page - 5

and hypertension solely or proximately caused his death; and (4) no evidence supports the defense of failure to state a claim. Dkt. 61.

On November 16, 2010, defendant Geoff Lee filed a motion for summary judgment, arguing that (1) the court lacks jurisdiction over Mr. Lee because there was insufficient service of process and more than 460 days have passed since the complaint was filed; (2) Mr. Lee cannot be liable on the grounds that he is a registered agent; (3) the theory of piercing the corporate veil cannot apply to Mr. Lee because he is not a principal and does not have any ownership interest in the corporate entities that are being sued; (4) the amended complaint does not allege any act or conduct on the part of Mr. Lee that would render him personally liable to plaintiffs; (5) there is no evidence that shows that Mr. Lee is liable under the premises liability theory of negligence; (6) bathing in hot mineral water is not a condition that involves an unreasonable risk of harm, against which Mr. Lee had a duty to protect, as general manager, registered agent, or sole corporate officer; (7) plaintiffs' theory of liability is premised on a standard of care that spa and hot tub operators owe to their customers, but this standard cannot be applied to the bathhouse operations at issue in this case; (8) plaintiffs cannot establish that the alleged negligence caused Mr. Joo Baek Park's death; and (9) Mr. Joo Baek Park assumed the risk of bathing in mineral water. Dkt. 63.

On November 16, 2010, Carson Mineral Hot Springs LLC filed a motion for summary judgment, contending that (1) taking a hot bath does not create an unreasonable risk of harm, against which Carson Mineral Hot Springs LLC had a duty to protect; (2) plaintiffs' theory of liability is premised on a standard of care that spa and hot tub operators owe to their customers, but this standard cannot be applied to the bathhouse operations at issue in this case; (3) plaintiffs cannot establish that the alleged negligence caused Mr. Joo Baek Park's death; and (4) Mr. Joo Baek Park assumed the risk of bathing in the mineral water. Dkt. 66.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

**1. Personal Jurisdiction/Sufficiency of Service of Process on Geoff Lee**

Mr. Lee contends that the court does not have personal jurisdiction over him because the service of process was insufficient. Plaintiffs argue that Mr. Lee's appearance in this action should be enough to prevent a technical error from invalidating the process, and that filing of Mr. Lee's summary judgment motion is a tacit admission that the court has personal jurisdiction over him.

Fed.R.Civ.P. 12 provides that a party may assert the following defenses by motion: lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

Fed.R.Civ.P. 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than a year after the complaint in this matter was filed, the court permitted plaintiffs additional time to properly serve Mr. Lee personally, after the court determined that service on Mr. Lee as an agent of Carson Mineral Hot Springs LLC was insufficient. The summons served on Mrs. Lee On September 4, 2010, was insufficient because it did not include the name of the person to be served. In his answer to the amended complaint, filed on September 23, 2010, Mr. Lee preserved the personal jurisdiction/insufficiency of service issue when he asserted defenses related to insufficiency of service and lack of personal jurisdiction. Plaintiffs did not comply with the rules for service, even when given additional time by the court, after an originally defective service. Certainly, plaintiffs should have been aware that something was amiss when Mr. Lee filed an answer that alleged affirmative defenses of lack of personal jurisdiction and insufficiency of service of process. Plaintiffs have been afforded great leeway by the court. Affording plaintiffs additional time to serve Mr. Lee

personally is not warranted. The court does not have personal jurisdiction over Mr. Lee because the service of process was insufficient. The claims against Mr. Lee in his personal capacity should be dismissed without prejudice under Fed.R.Civ.P. 4(m).

**2. Liability of Geoff Lee as Agent of Carson Mineral Hot Springs LLC**

Mr. Lee contends that plaintiffs have not stated a claim against him, based upon his role as the agent of Carson Mineral Hot Springs LLC.

All Washington Limited Liability companies must have a registered agent with a Washington State address. RCW 25.15.020. The registered agent also accepts legal papers served on the Limited Liability company. See RCW 25.15.020. Mr. Lee is the registered agent for Carson Mineral Hot Springs LLC. Plaintiffs have not alleged any conduct on the part of Mr. Lee, as registered agent, that would subject him to liability for alleged negligence by the company for which he is a registered agent. Plaintiffs did not address this issue in their response to Mr. Lee's motion for summary judgment. They apparently concede that they have not stated a claim against Mr. Lee in his role as registered agent of Carson Mineral Hot Springs LLC. Plaintiffs have not met their burden to establish that Mr. Lee is liable for the claims in this case, based upon his role as a registered agent of Carson Mineral Hot Springs LLC. Mr. Lee's motion for summary judgment, requesting that the claims against him, based upon his role as a registered agent for Carson Mineral Hot Springs LLC should be granted, and these claims should be dismissed.

**3. Motions for Summary Judgment by Plaintiffs and by Carson Mineral Hot Springs LLC**

In their motion for partial summary judgment, plaintiff contends that Carson Mineral Hot Springs LLC was negligent, that the negligence caused the death of Mr. Joo Baek Park, and no evidence supports Carson Mineral Hot Springs' defenses. Carson Mineral Hot Springs argues that there was no unreasonable risk of harm against which it had a duty to protect; that the standard of care

upon which plaintiff's theory of liability is premised does not apply to this case; that plaintiffs cannot establish causation; and Mr. Joo Baek Park assumed the risk of bathing in the mineral water.

A cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury. *Tincani v. Inland Empire Zoological Soc.*, 124 Wash.2d 121, 127-28 (1994); see also *Pedroza v. Bryant*, 101 Wash.2d 226, 228 (1984).

For premises liability, Washington adopts the Restatement (Second) of Torts. *Iwai v. State*, 129 Wash.2d 84, 95 (1996). Restatement (Second) of Torts § 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> > (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of the Law- Torts § 343.

Restatement (Second) of Torts § 343A provides:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Restatement (Second) of the Law-Torts § 343A.

As noted above in the section of setting forth some of the many contested facts in this case, there are contested facts as to the duty involved, the breach of that duty, and causation.  There are contested facts as to whether Carson Mineral Hot Springs LLC was aware of and created an unreasonable risk of harm; should have expected that Mr. Joo Baek Park would not discover or realize the danger, or would fail to protect himself against it; and failed to exercise reasonable care to protect

Mr. Joo Baek Park from that danger.  There are contested facts as to whether the danger was known or obvious to Mr. Joo Baek Park.  The contested facts in this case preclude summary judgment for either plaintiffs or Carson Mineral Hot Springs LLC.  Plaintiffs' motion for partial summary judgment regarding liability should be denied.  Carson Mineral Hot Springs LLC's motion for summary judgment should be denied.

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment Regarding Liability (Dkt. 61) is **DENIED**.  Defendant Geoff Lee's Motion for Summary Judgment (Dkt. 63) is **GRANTED** as follows: Plaintiffs's claims against Mr. Lee in his personal capacity are **DISMISSED WITHOUT PREJUDICE**; and plaintiffs' claims against Mr. Lee based upon his capacity as a registered agent for Carson Mineral Hot Springs LLC are **DISMISSED WITH PREJUDICE**.  Carson Mineral Hot Springs LLC's Motion for Summary Judgment (Dkt. 66) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of December, 2010.

_____
Robert J. Bryan
United States District Judge